UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM CARRUBE,

                                    Plaintiff,


                v.                                           3:08-CV-830
                                                               (FJS/VEB)

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,


                                    Defendant.
_____

APPEARANCES                             OF COUNSEL

LACHMAN & GORTON, P.C.                  PETER A. GORTON, ESQ.
P.O. Box 89
1500 East Main Street
Endicott, New York 13761-0089
Attorneys for Plaintiff


SOCIAL SECURITY ADMINISTRATION          TOMASINA DIGRIGOLI, ESQ.
OFFICE OF REGIONAL GENERAL
COUNSEL - REGION II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant


SCULLIN, Senior Judge

                                    ORDER

        In a Report and Recommendation dated December 2, 2009, Magistrate Judge Bianchini

recommended that this Court find that the Commissioner's decision denying Plaintiff's

application for Supplemental Security Income was not supported by substantial evidence and not

determined in accordance with the law.  *See* Dkt. No. 18.  Furthermore, Magistrate Judge

Bianchini recommended that this Court remand the Commissioner's decision denying disability

benefits for further proceedings. *See id.* Neither party objected to these recommendations.

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether substantial evidence supports the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, an Administrative Law Judge ("ALJ") makes the actual disability determination; and that decision is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). Additionally, the ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

Having reviewed Magistrate Judge Bianchini's Report and Recommendation and the applicable law, the Court concludes that Magistrate Judge Bianchini applied the appropriate legal standards and correctly determined that the ALJ's decision is unsupported by substantial

-2-

evidence and lacks sufficient specificity to be reviewable.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Bianchini's December 2, 2009 Report and

Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court

further

**ORDERS** that the Commissioner's decision denying disability benefits is **REVERSED**

and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C.

§ 405(g),[1] for further proceedings consistent with Magistrate Judge Bianchini's Report and

Recommendation; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case.


**IT IS SO ORDERED.**

Dated: May 27, 2010
      Syracuse, New York

                                                  Frederick J. Scullin, Jr.
                                                  Senior United States District Court Judge

---

[1] Sentence four of § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

-3-